UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| BANK OF AMERICA, N.A., | NO. 2:19-CV-0181-TOR |
|---|---|
| Plaintiff, | ORDER REMANDING CASE TO STATE COURT |
| v. | |
| TIMOTHY D. ALGAIER; DEBRA EDDY; JOHN AND/OR JANE DOE, UNKNOWN OCCUPANTS/CO-HABITANTS OF THE SUBJECT PREMISES, | |
| Defendants. | |

BEFORE THE COURT are Defendants' Notice of Removal and Motion for Stay (ECF No. 1) and Plaintiff Bank of America's Motion to Remand (ECF No. 2). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion (ECF No. 1) is **denied** and Plaintiff's Motion (ECF No. 2) is **granted**.

ORDER REMANDING CASE TO STATE COURT ~ 1

DISCUSSION

A defendant may remove a civil action filed in state court to federal court so long as the district court could have exercised original jurisdiction over the matter and the notice of removal is timely filed. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Indeed, there is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). Important to this case, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "An order remanding a case to the state court which was removed under [28 U.S.C. § 1441(b)] is not reviewable on appeal or otherwise." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (citing 28 U.S.C. § 1447(d)).

The Court finds removal was not proper; remand is thus necessary. In Defendants' Notice of Removal, Defendants assert removal is proper because the Court has diversity jurisdiction and federal question jurisdiction. However, as Bank of America correctly notes, ECF No. 2 at 4: (1) Defendants do not have a right of removal under diversity jurisdiction because Plaintiff filed the suit in

Washington where Defendants reside, 28 U.S.C. § 1332 (removal under diversity jurisdiction is not proper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); and (2) Defendants do not have a right of removal under federal question jurisdiction because Bank of America's Complaint[1] in the underlying action is based wholly on state law and the Defendants cannot manufacture federal jurisdiction by asserting defenses or counterclaims implicating federal law, as they attempt to do here, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (under the "well-pleaded-complaint rule", the Court only looks to the plaintiff's complaint, not the defendant's defenses or counterclaims, in determining whether the Court has federal question jurisdiction).[2]

Finding the case was improperly removed to this Court, the request for an injunction must be **denied**.

//

---

[1] *See* ECF No. 1 at 13-23.

[2] Notably, Plaintiff's claim for federal question jurisdiction arises out of the state court's alleged wrongful action: accepting a declaration not based on personal knowledge. This is not a federal question, but rather something the state court can address.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Stay (ECF No. 1) is **DENIED**.

2. Plaintiff Bank of America's Motion to Remand (ECF No. 2) is **GRANTED**.

3. This case is hereby **REMANDED** to the Spokane County Superior Court for all further proceedings (former Spokane County Superior Court No. 19201839-32).

The District Court Executive is directed to enter this Order, furnish copies to the parties, mail a certified copy to the Clerk of the Spokane County Superior Court, and CLOSE the file.

**DATED** July 19, 2019.



THOMAS O. RICE
Chief United States District Judge